EFIGENIO CHARNECO ET AL., Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; JUAN HERNÁNDEZ ACEVEDO, Claimant.

No. 324.   Argued June 16, 1944.—Decided July 14, 1944.

*William Luyando Charneco* for petitioners.   *The Industrial Commission* and the claimant did not appear.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is a petition for review of an order of the Industrial Commission awarding compensation to Juan Hernández Acevedo, the employee involved herein.   On our own motion our opinion and judgment of July 3, 1944 herein are withdrawn.

The contention of the petitioners that since an uninsured employer is involved herein, the case was improperly heard by one commissioner, must be rejected.   Although *Santini* v. *Industrial Commission,* 57 P.R.R. 401, sustains the contention of the petitioners, the Legislature has changed the law in this respect.   Act No. 43, Laws of Puerto Rico,

1942, amends §10 of the Workmen's Compensation Act, providing that "in the case of uninsured employers. . . the case may be heard either by the Industrial Commission or by a commissioner. . .".

■ As to the merits of the case, the employee testified that he had just begun to work for the employer the day of the accident; that he was engaged in cutting wood to make charcoal; that he was the only person employed that day; and that on a previous occasion during the same year more than four employees had been employed on the same small farm of the petitioners during the harvesting season to harvest the coffee crop. There was a conflict in the testimony as to some of these facts, but the Commission found the facts in accordance with the recited testimony.

Accepting the facts found by the Commission as true, there was no right on the part of the employee to recover herein. As we pointed out in *Hernández* v. *Industrial Commission*, 60 P.R.R. 160, *Santini* v. *Industrial Commission*, 56 P.R.R. 345—on which the Commission relied in granting compensation herein—"holds that a particular job must be covered at all times by workman's compensation insurance if four or more workmen were ever employed on that job at any time during the course of the job". Assuming, without deciding, that harvesting the coffee crop herein was a specific "job" such as that contemplated by the *Santini* case, the evidence of the employee himself was that the harvesting had been completed a number of days ago, and that he alone was working for the employer on the day of the accident, cutting wood to make charcoal.

As we pointed out in the *Hernández* case at pp. 162-3: ". . . in the absence of regular and permanent employment of four or more workmen throughout the year, the employer was required at the most to insure each job on which four or more workmen were employed. As there was no evidence that either of these conditions existed in this case, there

were no facts on which the Commission could have properly based its award.''

The order of the Industrial Commission will be reversed and a new order will be entered in favor of the petitioners.